IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

SHIMSHON WEXLER,

        Plaintiff,

v.

TD BANK, NA, CITIBANK, NA, EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION, LLC,

        Defendants.

Civil No. 1:15-cv-02322-WSD-WEJ

## DEFENDANT TRANS UNION LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Trans Union LLC ("Trans Union"), Defendant herein, and files its Answer and Defenses to the Complaint ("Complaint") filed by Shimshon Wexler ("Plaintiff"). The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible.

### INTRODUCTION

1. Trans Union admits that Plaintiff has asserted claims against Defendants alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*. Trans Union denies that it violated the FCRA.

### JURISDICTION & VENUE

2. Trans Union admits that jurisdiction is appropriate in this Court.

3. Trans Union denies this Court is the most convenient venue for the

parties and witnesses and in the interest of justice may seek to transfer this matter pursuant to 28 U.S.C. 1404. Trans Union is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

## PARTIES

4. Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union further admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f) and does business within the State of Georgia.

7. Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

2

8. Trans Union admits that Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c). Trans Union is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 8 and, therefore, denies same.

## VIOLATIONS ALLEGED
## COUNT I – FCRA CLAIM AGAINST EXPERIAN AND EQUIFAX

9. Trans Union restates and incorporates its responses to paragraphs 1 through 8 above as though fully stated herein.

10. The provisions of 15 U.S.C. § 1681i of the FCRA, are self-evident and speak for themselves. Trans Union is not required to admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint and, therefore,

denies same.

14. Trans Union admits that on February 27, 2015, and March 26, 2015, it received, reviewed, and considered correspondence from Plaintiff disputing information on his Trans Union credit file.

15. Trans Union admits that on March 27, 2015, and April 20, 2015, it forwarded the reinvestigation results to Plaintiff for review.

16. Trans Union denies the allegations contained in paragraph 16 of the Complaint.

17. To the extent these allegations can be construed as asserting that Trans Union did not conduct a reasonable reinvestigation of Plaintiff's disputes, Trans Union denies the allegations in paragraph 17 of the Complaint. As to the remaining allegations, Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18. Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. Trans Union denies the allegations and relief sought in paragraph 19 of the Complaint.

20. Trans Union denies the relief sought in paragraph 20 of the Complaint, including all subparts.

Trans Union denies the relief sought in the prayer paragraph of Count I.

## COUNT II – FCRA CLAIM AGAINST CITIBANK AND TD BANK

21. Trans Union restates and incorporates its responses to paragraphs 1 through 20 above as though fully stated herein.

22. Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23. Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24. Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25. Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 of the Complaint and, therefore, denies same.

26. Trans Union is without knowledge or information sufficient to admit

or deny the allegations contained in paragraph 26 of the Complaint and, therefore, denies same.

27.  Trans Union is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

Trans Union denies the relief sought in prayer paragraph of Count II of the Complaint, including all subparts.

Trans Union admits Plaintiff demands a trial by jury.

## DEFENSES

28.  At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

29.  Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

30.  Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information

6

disputed by Plaintiff.

31. Trans Union at all times acted in compliance with the FCRA.

32. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

33. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

34. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the State of Georgia.

35. In the interest of justice, Trans Union may seek to transfer this matter pursuant to 28 U.S.C. § 1404, as this Court is not the most convenient venue for the parties and witnesses.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

This 23rd day of July, 2015.

                    Respectfully submitted,

                    */s/ Alex M. Barfield*
                    **ALEX M. BARFIELD**
                    abarfield@hptylaw.com
                    Georgia Bar No. 037147
                    **HAWKINS PARNELL THACKSTON & YOUNG LLP**
                    303 Peachtree Street, NE
                    Suite 4000
                    Atlanta, GA  30308-3243
                    (404) 614-7400
                    (404) 614-7500 Fax
                    ***Counsel for Trans Union LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2015, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

Shimshon E. Wexler
swexleresq@gmail.com
Shimshon Wexler, Attorney at Law
1411 Dalewood Drive, NE
Atlanta, GA 30329
(212) 760-2400
*Pro Se Plaintiff*

Stefanie H. Jackman
jackmans@ballardspahr.com
Ballard Spahr
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
(678) 420-9300
(678) 420-9301 Fax
*Counsel for TD Bank, NA*

Lewis Perling
LPerling@KSLaw.com
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA 30309
(404) 572-3079
(404) 572-5172 Fax
*Counsel for Equifax Information Services, LLC*

I further certify that I will cause a copy of the foregoing Pleading and corresponding NEF by U.S. first class mail on the following non-filing user: None

*/s/ Alex M. Barfield*
**ALEX M. BARFIELD**

7036079.1/SP/83057/1941/072315